UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.          DECISION AND ORDER
                   10-CR-188A

LAURA SIRIANNI-NAVARRO,
         Defendant.

## **BACKGROUND**

    The defendant, Laura Sirianni Novarro, is charged in a multi-defendant, multi-count indictment with: (1) engaging in a conspiracy to possess with the intent to distribute 5 kilograms or more of cocaine and an unspecified quantity of marijuana (count 4); (2) possessing with an intent to distribute 500 grams or more of cocaine (count 6) and (3) knowingly using and maintaining a residence for the purpose of manufacturing and distributing cocaine and marijuana (count 7).

    The government moved for pretrial detention of the defendant and the defendant was detained pending a hearing. After her arrest but before the detention hearing, the defendant proposed certain conditions of release to the government, including that she be released to reside with her mother at 1312 Seneca Street, Buffalo, New York, where she had been staying with her three-year-old child. The defendant had moved in with her mother on or about December 22, 2009, upon eviction from her prior residence at

1

16 Blum Avenue where she had been living with her husband, co-defendant Javier Navarro, until his arrest in December 2009 for drug trafficking.[1]

The United States Probation Office conducted a search of 1312 Seneca Street and discovered in the defendant's bedroom: (1) a set of brass knuckles on the dresser; (2) two large sticks with forged metal blades; and (3) a .357 Magnum revolver in a plastic bin in the closet.  Additionally, a black Sepsco .38 special revolver, one Mossberg 500A black pistol grip 12 gauge shotgun and ammunition were also found in a Christmas tree box in the attic.  Based upon the discovery of those weapons, the defendant appeared before Magistrate Judge H. Kenneth Schroeder, Jr., on February 25, 2010, and waived a detention hearing subject to her right to move for reconsideration of a detention order based upon a change in circumstances.  The defendant was ordered detained.

The defendant later moved for reconsideration of Magistrate Judge Schroeder's detention order, but her motion was denied.  She then appealed the detention order to this Court, pursuant to 18 U.S.C. § 3145.  The government opposed release and oral argument was held on December 13, 2010.

For the reasons stated herein, the appeal is denied and the defendant is ordered detained pending trial.

---

[1] Javier Navarro is charged as one of the lead defendants in this large-scale drug conspiracy and is also alleged to have engaged in a continuing criminal enterprise.

**DISCUSSION**

A magistrate judge's detention order is reviewed *de novo*, pursuant to 18 U.S.C. § 3145(b). *See United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985). An order of detention must be based upon a finding that "no condition or combination of conditions will reasonably assure . . . the safety . . . of the community. . . " if the defendant is released. *See* 18 U.S.C. § 3142(e). A defendant's dangerousness must be established by clear and convincing evidence. *See* 18 U.S.C. § 3142(f). The government may proceed by proffer to establish the defendant's dangerousness or risk of flight. *United States v. Ferranti*, 66 F.3d 540, 542 (2d Cir. 1995).

Where a defendant is charged with a narcotics offense for which the potential term of imprisonment is ten years or more, there is a rebuttable presumption that no condition or combination of conditions will reasonable assure the person's appearance or the safety of the community. *See* 18 U.S.C. § 3142(e)(3)(A); *see also United States v. Magassouba*, 544 F.3d 387, 393 (2d Cir. 2008) (stating that an indictment that charges a crime carrying a sentencing range of 10 years to life gives rise to the rebuttable presumption of detention under the Bail Reform Act). All three counts against the defendant are narcotics offenses for which the potential term of imprisonment is ten years or more. Therefore, the statutory presumption of detention is triggered in this case.

When the presumption of detention exists, the defendant may present evidence to rebut that presumption. *See United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991). However, if the defendant does so, the presumption does not drop out of

consideration completely; rather, it "continues to be weighed along with other factors to be considered when deciding whether to release a defendant." *Id.* In determining whether the defendant has rebutted the statutory presumption, the Court must consider the following factors:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including –
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g); *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001).

The first factor requires that the Court consider the nature and circumstances of the offense charged, including whether the offense involves a narcotic drug. *See* 18 U.S.C. § 3142(g)(1). The defendant is charged in a large-scale conspiracy involving a substantial quantity of drugs. If convicted of the conspiracy offense, the defendant faces a minimum of 10 years' imprisonment and a maximum of life. Count 6 subjects the defendant to a potential minimum sentence of imprisonment of 5 years, and a maximum of 40 years. Under count 7, the defendant faces a maximum sentence of 20

4

years' imprisonment. The potential for a lengthy period of incarceration weighs against release.

As to the second factor, the evidence against the defendant is strong, particularly with regard to count 7 (maintaining a residence for the purpose of manufacturing and distributing cocaine and marijuana). The Court recognizes that the defendant is presumed innocent of the charges against her. However, the government proffered that a search warrant of the defendant's Blum Avenue property yielded a substantial amount of drugs and cash. Agents also uncovered a picture on the defendant's "facebook" page of her husband and child surrounded by a large amount of cash. The defendant knew her husband was unemployed, thus supporting the government's contention that she knew about the drugs and money in the house. The government also proffered that the defendant is heard on wiretaps warning her husband, Javier Navarro, of police in the area and that she frequently obtained rental cars in her name that were used by Javier Navarro in furtherance of drug transactions, thus suggesting that the defendant played some role in facilitating the drug conspiracy. The strength of the government's evidence against the defendant weighs in favor of detention.

The third factor requires the Court to consider the history and characteristics of the defendant. The defendant has no criminal history. She lives in Buffalo, as does her mother and her child. She has never traveled outside of the United States. After her husband was arrested for drug trafficking, she moved in with her mother and did not flee the area. She has no history of mental illness and, although she was an occasional user of marijuana in the past, she has not done so in three years. The Court finds that the history and characteristics of the defendant weigh in favor of release.

As to the final factor - the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release - this factor weighs in favor of detention.  The defendant is charged with serious crimes including possessing a large quantity of drugs and engaging in a conspiracy to distribute them.  Weapons were found in the bedroom of her mother's house, where the defendant moved upon eviction from Blum Avenue.  Included among those weapons was a .357 Magnum revolver.  Additional firearms and ammunition were found in an attic.  The attic area was locked and the defendant had a key to the locked area.  The defendant denies any knowledge of the firearms.  She claims that the .357 revolver was found in a blue storage bin that belonged to her deceased brother.  Assuming *arguendo* the truth of that statement and that the gun was not hers, probation officers also found other serious weapons in plain view – right in the bedroom where the defendant was sleeping -- namely, brass knuckles and "a large tan stick which opens into two forged metal blades."  Further, as to the weapons found in the Christmas tree box in the attic, the government proffered that it believes that the defendant moved the weapons to her mother's residence herself upon eviction.  According to the government, it had information from a cooperating source that the defendant's husband kept a 12 gauge pistol grip shotgun at his Blum Street residence.  Police did not find the weapon when they initially searched the residence.  However, the confidential source told the government that agents "missed" (i.e. failed to find) the gun.  Thereafter, the defendant was evicted and the weapon turned up at her mother's house.  The defendant's husband could not have moved the weapon because he was incarcerated before the eviction.  This circumstantial evidence supports the conclusion that the defendant

moved the weapon herself.  The defendant's possession of brass knuckles, the bladed sticks, and the evidence suggesting that she was the one who moved the firearms, all support the conclusion that she presents a danger to the community.

In light of the foregoing, the Court finds that the defendant has failed to rebut the statutory presumption of detention and that no condition or combination of conditions exists that would assure the safety of the community if she were released.

## CONCLUSION

For the reasons discussed above, the Magistrate Judge's order of detention is hereby affirmed and the defendant is ordered detained pending trial.

The Court further orders that the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal.

The Court further orders that the defendant be afforded reasonable opportunity for private consultation with counsel.[2]

---

[2] The Court recognizes that pretrial detention does pose a certain degree of inconvenience to the defendant and her counsel in preparing for her defense at trial.  However, as long as the detainee receives a reasonable opportunity to seek and receive the assistance of counsel, the Sixth Amendment is not violated.  *See Procunier v. Martinez*, 416 U.S. 396, 419 (1974), *overruled in part on other grounds by Thornburgh v. Abbott*, 490 U.S. 401 (1989); see also Rothgery v. Gillespie County, 554 U.S. 191, 235 (Thomas, J., dissenting) ("[W]e have never suggested that the accused's right to the assistance of counsel 'for his defence' entails a right to use counsel as a sword to contest pretrial detention..").  "Although pretrial detention may hamper a defendant's ability to retain the attorney of [her] choice and undoubtedly makes communication with counsel and preparation for trial more cumbersome, without more, those consequences do not result in an interference of constitutional significance."  *See United States v. Dettelis*, 372 Fed. Appx. 105 (2d Cir. 2010).

7

Finally, the Court directs that on order of a Court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined deliver defendant to a United States Marshal for the purpose of appearance in connection with any court proceeding.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: December 23, 2010